**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 9, 2021

By ECF
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re:   **United States v. Ellva Slaughter**
      **21 Cr. 230 (KPF)**

Dear Judge Failla,

We write to respectfully request (1) authorization to inspect records relating to the composition of the grand jury that issued the indictment in this case and to request (2) a 30-day stay of any deadline for Mr. Slaughter to challenge his indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).  The Government, by Assistant United States Attorney Matthew Weinberg, has no objection to these requests.

Mr. Slaughter was indicted on April 5, 2021 and charged with one count of possessing a firearm after being convicted of a felony.  Dkt. No. 3.

Request to inspect records

28 U.S.C. § 1867(f) states that "the parties shall … be allowed to inspect, reproduce, and copy … records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion under subsection (a)."  See also Test v. United States, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring 'grand and petit juries selected at random from a fair cross section on the community'"), quoting 28 U.S.C. § 1861.  In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise nonpublic jury selection records, a litigant needs only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted).  That is, at this stage, Mr. Slaughter need not make any showing with respect to the probability of success of such a motion.  See, e.g., United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996); see also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported). Simply explaining, as I do here, that the records are necessary to prepare a motion to dismiss the indictment is a sufficient basis to authorize the records' production.  See 28 U.S.C. §1867(f).

1

Our colleagues at the Federal Defenders of New York have received a production in United States v. Li, 20 Cr. 568 (AT), which we believe contains data that is substantially similar to the Manhattan grand jury employed in the instant case. Those records are subject to a protective order and therefore, we require the Court's authority to use them in connection with the contemplation and preparation of a motion challenging the composition of the grand jury in this case. Should the Court endorse this letter, the parties will jointly propose a protective order to govern the use of the records. Courts have granted similar requests. See, e.g., United States v. Peregrina, 20 Cr. 684 (LAK), Dkt. Nos. 6-7; United States v. Neilly, 21 Cr. 94 (VEC), Dkt. No. 11; United States v. Middlebrooks, 21 Cr. 89 (RMB), Dkt. No. 8.

If the Court grants this request to inspect the records in connection with Mr. Slaughter's case, it is my understanding that the Government will provide a copy of the relevant records to me, or, once permission is granted, I can review the records already provided to the Federal Defenders. Either way, the Jury Administrator will not need to reproduce those records.

Request to stay any deadline

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." 28 U.S.C. § 1867(a). Although the Second Circuit has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. See, e.g., United States v. Saipov, 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020).

Therefore, we are seeking a 30-day stay of any deadline to challenge his indictment under 28 U.S.C. § 1867(a), so that we may receive and review the records described above and so that the parties can evaluate the parallel litigation that is pending in numerous cases across the District. See, e.g., United States v. Li, supra. Similar requests were granted in United States v. Hightower, 20 Cr. 303 (RMB), Dkt. No. 14; United States v. Nettles, 20 Cr. 509 (KPF), Dkt. No. 9; United States v. Neilly, 21 Cr. 94 (VEC), Dkt. No. 11; United States v. Middlebrooks, 21 Cr. 89 (RMB), Dkt. No. 8. As noted above, the Government has no objection to this request.

Thank you for your consideration.

Respectfully submitted,

/s/
Sylvie Levine
Assistant Federal Defender

Applications GRANTED.

Dated: April 12, 2021    SO ORDERED.
       New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE