UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 21 Cr. 230 (KPF) |
| ELLVA SLAUGHTER, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Defendant's motion to suppress and accompanying submissions (Dkt. #27-29), the Government's opposition (Dkt. #30), and Defendant's reply (Dkt. #31), particularly in light of the Second Circuit's decision in *United States* v. *Kiture*, 776 F. App'x 747 (2d Cir. 2019) (summary order). While the Court agrees with the Government that the *Kiture* analysis seems applicable here, it acknowledges that the motion to suppress in that case was decided following an evidentiary hearing. *See Kiture*, 776 F. App'x at 747.

The Court recognizes the proffered bases for the initial attempted stop of Mr. Slaughter to be a broken taillight and tinted windows that prevented the officers from seeing inside the car. (*See* Dkt. #1 (Complaint) at ¶ 4). However, at present, the Court (i) has no evidence of the degree of window tinting; (ii) cannot discern from the submitted photographs whether the car's taillights were functional; and (iii) has no knowledge of whether Mr. Slaughter's conduct on the day of his arrest provided reasonable suspicion for a stop. For the foregoing reasons, the Court would like the Government to present a witness who can testify with firsthand knowledge as to any basis that law enforcement

had for stopping Mr. Slaughter on the date of his arrest, either prior to the first attempted stop in the Bronx or at any point leading up to his collision in Mount Vernon. Given the absence of any controverted facts, the Court does not require testimony regarding whether the gun in question was in plain view.

SO ORDERED.

Dated: December 10, 2021
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge